JUDAH M. LAWRENCE *vs.* OLIVER DALRYMPLE.

Argued Dec. 10, 1894.  Affirmed Dec. 21, 1894.

No. 9021.

**"Case" to show that verdict is not supported by the evidence.**

Unless the "case" or bill of exceptions purports to set forth all the evidence taken, questions as to the sufficiency of the evidence to support the verdict will not be considered.

Appeal by defendant, Oliver Dalrymple, from a judgment of the District Court of Ramsey County, *Hascal R. Brill*, J., entered November 17, 1893, against him for $2,543.58 damages and $64.19 costs.

In 1872, defendant resided in St. Paul and employed L. F. Hodges of Milwaukee to make sales and purchases of wheat there for future delivery, with no intent to deliver or receive the grain, but in the hope of making a margin of profit on the rise or fall in the price meantime. In executing this agency Hodges bought by defendant's orders large quantities of wheat to be delivered at a future day.  The price fell and losses ensued which Hodges paid and charged to defendant in their account.  Defendant settled and gave Hodges his notes for the balance of account.  These notes were renewed several times and on February 11, 1889, at St. Paul defendant gave Hodges in renewal of one of these notes his new note for $1,959.90 payable at St. Paul eight months thereafter with interest at the rate of six per cent a year. This note was transferred to the plaintiff, Judah M. Lawrence, and he brought this action thereon.  Defendant answered stating these facts and claiming that the note is void under Wisconsin statutes in force at the time the wheat transactions were had, now embodied in Wis. G. S. of 1878, §§ 4532 and 4538.  The issues were tried June 14, 1893. Plaintiff had a verdict for the amount of the note.  Defendant made a bill of exceptions showing the rulings and exceptions on the trial, his requests to charge, the refusals of the judge and his exceptions thereto, but did not set out all the evidence given at the trial.  The court certified the bill to be correct and ordered it filed. · Judgment was entered on the verdict and defendant appeals.

*Flandrau, Squires & Cutcheon,* for appellant.

The note was a renewal paper given for losses on wagering contracts and is void in law. *Dows* v. *Glaspel,* (N. D.) 60 N. W. R. 60; *Melchert* v. *American U. Tel. Co.,* 11 Fed. Rep. 193; *Edwards* v. *Hoffinghoff,* 38 Fed. Rep. 639; *Embrey* v. *Jemison,* 131 U. S. 336.

A plaintiff will not be allowed to recover where he acted for a party engaged in betting. *Crawford* v. *Spencer,* 92 Mo. 498; *Irwin* v. *Williar,* 110 U. S. 499; *Phelps* v. *Holderness,* 56 Ark. 300; *Mohr* v. *Miesen,* 47 Minn. 228.

*Bunn & Hadley,* for respondent.

The bill of exceptions contains no exception save only to the refusal of the Judge to direct the jury to return a verdict for the defendant. This court cannot consider the question whether or not the evidence was sufficient to warrant its submission to the jury. The bill of exceptions contains a mere outline of what the evidence tended to prove. The court does not certify that the bill of exceptions contains all the evidence. Hence, it will not be profitable to go into a discussion of the merits of this case.

MITCHELL, J. The bill of exceptions does not purport to set forth all the evidence taken. While the assignments of error are somewhat specific, as well as argumentative, yet they only go to the sufficiency of the evidence to support the verdict. If there is anything settled, it is that the question cannot be considered on such a record. Judgment affirmed.

(Opinion published 61 N. W. 559.)